# MEMORANDUM DECISIONS

DAVIS v. STATE. (No. 4768.) (Court of Criminal Appeals of Texas. Dec. 19, 1917.) Appeal from District Court, Gray County; W. R. Ewing, Judge. George Davis was convicted of burglary, and he appeals. Affirmed. E. B. Hendricks, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant appealed this case from a conviction for burglary. There is no statement of facts, nor any bill of exceptions. Nothing is presented for review in the absence of these. The judgment is affirmed.

DORSETT v. STATE. (No. 4796.) (Court of Criminal Appeals of Texas. Dec. 21, 1917.) Appeal from District Court, Eastland County; Joe Burkett, Judge. Bluford Dorsett was convicted of hog theft, and he appeals. Affirmed. E. B. Hendricks, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant prosecutes this appeal from a conviction for hog theft, with the lowest punishment assessed; but he has neither a statement of facts nor a bill of exceptions, and nothing is raised which can be reviewed in the absence of these. The judgment is affirmed.

JACKSON v. STATE. (No. 4730.) (Court of Criminal Appeals of Texas. Dec. 5, 1917.) Appeal from Criminal District Court, Dallas County; C. A. Pippen, Judge. J. D. Jackson was convicted of an aggravated assault, and appeals. Affirmed. E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of aggravated assault; his punishment being assessed at a fine of $25. The record is without statement of facts or bill of exceptions. The matters contained in the motion for new trial cannot be considered in the absence of the testimony. The judgment is affirmed.

JOHNSON v. STATE. (No. 4789.) (Court of Criminal Appeals of Texas. Dec. 21, 1917.) Appeal from Polk County Court; B. F. Bean, Judge. Sandy Johnson was convicted of violating the local option law, and he appeals. Affirmed. E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of violating the local option law; his punishment being assessed at a fine of $25 and 20 days' imprisonment in the county jail. There being no statement of facts or bill of exceptions in the record, there is nothing in the motion for new trial which can be reviewed. In this condition of the record the judgment will be affirmed.

SPRUILL v. STATE. (No. 4778.) (Court of Criminal Appeals of Texas. Dec. 19, 1917.) Appeal from Criminal District Court, Travis County; James R. Hamilton, Judge. Manuel Spruill was convicted of burglary, and he ap-

peals. Affirmed. E. B. Hendricks, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant appealed this case from a conviction of burglary. There is no statement of facts, nor any bill of exceptions. Nothing is presented for review in the absence of these. The judgment is affirmed.

LOUISIANA & TEXAS LUMBER CO. v. PATTON. (No. 7454.) (Court of Civil Appeals of Texas. Galveston. Nov. 21, 1917.) Appeal from District Court, Houston County; John S. Prince, Judge. Action by W. J. Patton against the Louisiana & Texas Lumber Company. Judgment for plaintiff, and defendant appeals. Affirmed. Nunn & Nunn, of Crockett, for appellant. Adams & Young, of Crockett, for appellee.

LANE, J. This suit was instituted by appellee, W. J. Patton, against the appellant, Louisiana & Texas Lumber Company, hereinafter, for convenience, called the Lumber Company. Plaintiff's petition was in the ordinary form of trespass to try title to 220 acres of land, in said petition described, and for damages. The suit in fact, however, is strictly a boundary suit in so far as the title to the land involved therein is concerned, and for damages to plaintiff's land by reason of the construction of a tramroad thereon by the Lumber Company. The James Patton headright survey of one-half league was surveyed and located in 1851. The land of plaintiff is a part of said headright survey and extends to its north line. The land claimed by the Lumber Company is a part of the International & Great Northern Railway surveys Nos. 42 and 43, which were located many years after the James Patton headright survey had been located, and their locative field notes call for the north line of said headright survey as their south boundaries. It is admitted by all parties that, if the land in controversy is wholly on the Patton survey, it is owned by appellee, Patton, and, if it is wholly on the International & Great Northern Railway surveys, it is owned by the Lumber Company. The case was tried before the court without a jury. and judgment was rendered for the appellee, W. J. Patton, for the land sued for, and for $25 damages thereto, against appellant, by reason of the construction of a tramroad on same by appellant. The main and only important contentions of appellant are that the trial court erred in finding that the north boundary line of the James Patton headright survey was at the place where the plaintiff contended it was located, and in finding that appellee's land was damaged by appellant by the construction of a tramroad thereon in the sum of $25, because there was no competent evidence to support such findings. We have carefully examined the evidence, and have reached the conclusion that both of such findings complained of were amply supported by the evidence. Other findings of the court complained of were immaterial, and unnecessary for the support of the judgment rendered, and, if error, the same was not such as should cause a reversal of the judgment rendered. The judgment of the trial court is therefore affirmed. Affirmed.